UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATWINDER GILL, | Case No. 2:24-cv-2878-DC-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BRUNSWICK CORPORATION, | |
| Defendant. | |

Plaintiff, Satwinder Gill, brings a single claim of negligence against defendant Brunswick Corporation for an injury plaintiff suffered on a boat in Florida. Defendant moves to dismiss under 12(b)(2) for lack of jurisdiction. In his opposition, plaintiff asks for leave to conduct jurisdictional discovery, or, in the alternative, that this action be transferred to the Southern District of Florida. For the following reasons, I recommend that defendant's motion be denied and that this action be transferred to the Southern District of Florida.

**Allegations**

The complaint alleges that on February 17, 2024, plaintiff was a passenger on boat owned by Mercury Marine, a subsidiary of defendant, operating in navigable waters of the United States.[1] ECF No. 1 at 3. Plaintiff was seated in the bow section of the boat when the captain

---

[1] The complaint does not specify where the incident occurred. *See generally* ECF No. 1. Defendant argues that the incident occurred in Biscayne Bay, Florida and attaches a letter from

1  drove at a high rate of speed into a wake, which caused plaintiff to be thrown into the air and land
2  hard on his seat. *Id.* at 4.  As a result of the incident, plaintiff suffered a compression fracture of
3  his L1 and L2 vertebrae. *Id.* at 5.  Plaintiff brings a single cause of action for negligence. *Id.*
4    According to the complaint, defendant is incorporated in Delaware and maintains its
5  principal place of business in Illinois. *Id.* at 1.  The complaint further alleges that defendant is
6  registered as an out-of-state stock corporation with California's Secretary of State, though the
7  complaint acknowledges that defendant has no local office in California. *Id.* at 2.  Further,
8  plaintiff alleges that Mercury Marine is headquartered in Wisconsin and is not registered in any
9  form with the California Secretary of State. *Id.*
10   Plaintiff includes with his opposition a declaration from his attorney stating that defendant
11 has appeared twenty-one times in United States District and Bankruptcy Courts in California and
12 is a publicly traded stock company.  ECF No. 10 at 1-2.

**Motion to Dismiss**

14   Under Rule 12(b)(2), the court may dismiss an action for lack of personal jurisdiction.
15 Where no federal statute authorizes personal jurisdiction, the district court applies the law of the
16 state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218,
17 1223 (9th Cir. 2011).  District courts in California may exercise personal jurisdiction over a
18 nonresident defendant to the extent permitted by the Due Process Clause of the Constitution.  Cal.
19 Code Civ. P. § 410.10.  The Due Process Clause requires that the defendant have "certain
20 minimum contacts" with the forum "such that the maintenance of the suit does not offend
21 traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326
22 U.S. 310, 316 (1945) (citations and quotations omitted).
23   There are two bases for exercising personal jurisdiction over a nonresident defendant.
24 First, a court may confer general jurisdiction over a nonresident defendant, which arises where
25 the defendant's activities in the forum are sufficiently "substantial, continuous and systematic" to

---

26 plaintiff's counsel, which states that the incident happened in Florida.  *See* ECF No. 6-2 at 4 (". . .
27 . in the Main Channel of Biscayne Bay, Miami, Florida between the MacArthur Causeway bridge
   and the Port Boulevard bridge").  Plaintiff acknowledges the incident occurred in Florida in his
28 opposition brief.  ECF No. 9 at 2.

2

justify the exercise of jurisdiction over the defendant for any and all claims regardless of whether they occurred in the forum state. *Mavrix*, 647 F.3d at 1224. Courts may also assert specific jurisdiction over a nonresident defendant, which arises when a defendant's specific contacts with the forum give rise to the specific claim in dispute. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the 'burden to establish jurisdiction.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (quoting *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995)). "When a district court acts on a defendant's motion to dismiss without first holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." *Silk v. Bond*, 65 F.4th 445, 456 n.13 (9th Cir. 2023) (citations and quotations omitted). Conflicts between the facts contained in the parties' evidentiary submissions must be resolved in favor of the non-moving party for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Id.*

Defendant argues that this court does not have general or specific jurisdiction. Plaintiff does not argue either that defendant is subject to specific jurisdiction or that the present record establishes general jurisdiction. Instead, he asks for permission to conduct jurisdictional discovery into defendant's forum-related activities, which he believes may be sufficient to establish general jurisdiction.

General jurisdiction extends to "any and all claims" brought against a defendant, even if those claims do not relate to the forum state or the defendant's activity there. *Ford*, 592 U.S. at 358. "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). A corporation is subject to general jurisdiction in its place of incorporation and principal place of business. *Id.* Outside these situations, a court may also exercise general jurisdiction over a nonresident defendant when its contact with the forum state is "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Mavrix*, 647 F.3d at

3

1223-24 ("[A] defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence' in the forum state.").

"Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike*, 793 F.3d 1059, 1069 (9th Cir. 2015); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."). A court should only exercise general jurisdiction over a nonresident defendant "in an exceptional case." *Daimler AG*, 571 U.S. at 137 n.19.

To determine whether a non-resident defendant's activities are sufficiently continuous and systematic, courts "examine all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) ("Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of [continuous and systematic] presence."). The Ninth Circuit has stated that it "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993).

Defendant argues that this court does not have general jurisdiction because defendant is not incorporated in, and does not have its principal place of business in, California. ECF No. 6-1 at 10. Defendant further argues that plaintiff's case does not demonstrate exceptional circumstances that would justify the exercise of personal jurisdiction over it in California because plaintiff has not shown at a minimum that defendant has a continuous and systematic presence in California. *Id.* at 11-12.

4

Plaintiff asserts that tailored discovery will permit him to demonstrate that this is an "exceptional case" warranting the exercise of general jurisdiction based on defendant's and its subsidiaries' forum-related conduct. ECF No. 9 at 4. In advancing this argument, plaintiff states that defendant owns companies that are continuously and systematically in California; defendant litigates in California; defendant expects to be sued in California; and defendant directly deals with thousands of people in California.[2] ECF No. 9 at 3-4. However, at the same time, plaintiff acknowledges that discovery is necessary to gauge the full extent of defendant's conduct and presence in California. ECF No. 9 at 4.

A corporation is subject to general jurisdiction where it is incorporated and where its principal place of business is located, *Daimler AG*, 571 U.S. 140, and both parties agree that defendant is incorporated and has its principal place of business outside California. Therefore, defendant would only be subject to this court's general jurisdiction if plaintiff can show that this is "an exceptional case." *Id.* at 137 n.19. Plaintiff has not done so. Plaintiff's argument that defendant has litigated in California federal courts and is a publicly traded company falls woefully short of demonstrating that defendant is essentially at home in California. *Id.* at 133 n.11; *see also Ranza*, 793 F.3d at 1070; *Aldrich v. Nat'l Collegiate Athletic Ass'n*, 484 F. Supp. 3d 779, 792 (N.D. Cal. 2020) ("[A] nonresident defendant previously litigated in the forum surely does not constitute 'continuous and systematic contact with the forum.' On this theory, a nonresident defendant would be subject to general jurisdiction *anywhere it had previously sued or been sued*, even if a prior suit was based on specific jurisdiction. This would improperly transmute specific jurisdiction into general jurisdiction.").

**Request for Jurisdictional Discovery**

"A district court has broad discretion to permit or deny jurisdictional discovery." *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1001 (N.D. Cal. 2016) (citation

---

[2] Plaintiff states in his opposition that the declaration by his attorney, Mr. Berschler, shows that defendant has land in California and that the "lion's share of [defendant's] marketing activity, sales, revenue flow from California." ECF No. 9 at 3-4. Contrary to that representation, Mr. Berschler's declaration does not confirm such conduct in California. *See generally* ECF No. 10.

5

and quotation omitted). "[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Courts in the Ninth Circuit have held that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-cv-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing *eMag Solutions, LLC v. Toda Kogyo Corp.*, No. 02-cv-1611-PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) ("It would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss.")). A plaintiff must merely present "a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Id.* (citing *Google, Inc. v. Egger*, No. 08-cv-03172-RMW, 2009 WL 1228485, at *1 (N.D. Cal. Apr. 30, 2009)). But "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citations omitted). A refusal to grant jurisdictional discovery is not an abuse of discretion where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

In his request, plaintiff seeks jurisdictional discovery to prove that defendant "owns or leases real estate in California; [] pays taxes to California; [] voluntarily sues in court in California to protect its rights; [] activities affect thousands of Californians daily; [] avails itself of the opportunity to make billions of dollars from Californians; California is a major source of [defendant's] revenue." ECF No. 9 at 7. In plaintiff's counsel's declaration, he states that if discovery is authorized, he intends to seek from defendant and its subsidiaries the following information dating from January 2019 onward:

  a. Revenue by state.

  b. Employees in California.

6

     c. Real estate owned or leased.

     d. Taxes paid to California.

     e. Actions in any court located in California in which Brunswick; et al. appeared as a creditor, plaintiff or petitioner.

     f. Boating shows and similar marketing events in California in which Brunswick; et al. participated as a marketer.

     g. Advertising and marketing campaigns directed at or into California, whether to consumers, wholesalers, distributors or other potential commercial counter parties (e, g., service centers).

     h. Facts, documents sources of information in support of Brunswick's contention that "Brunswick denies that it owned or operated the Vessel, employed the Vessel's captain and crew . . .." (ECF 6-1, at 8:1-2).

ECF No. 10 at 2-3.

  Plaintiff's request for jurisdictional discovery is unpersuasive. Plaintiff has not identified any reason to believe that jurisdictional discovery will reveal that defendant's contacts with California are so continuous and systematic as to make this an "exceptional case" in which general jurisdiction is proper. The parties agree that defendant operates nationally and is publicly traded. Additional discovery would do no more than reinforce the parties' current understanding of defendant's connection to the forum, which, as explained above, is insufficient for personal jurisdiction. *See Johnson v. Mitchell*, No. CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) ("[L]imited discovery should not be permitted to conduct a fishing expedition.") (internal quotation marks and citations omitted); *Mackovich v. U.S. Government*, No. 06-cv-00422-SMS (PC), 2008 WL 2053978, *1 (E.D. Cal. May 13, 2008) (denying discovery where the plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected," citing *Laub*, 342 F.3d at 1093); *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) ("Plaintiffs sought jurisdictional discovery without providing any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful to the Court, and their request amounted to only a mere hunch.") (citation omitted). Accordingly, this request should be denied.

**Motion to Transfer Venue**

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal quotation marks omitted). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

To support a motion for transfer, the moving party must first show "that venue is proper in the transferor district[,]" and "that the transferee district is one where the action might have been brought[.]" *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). If these two conditions are satisfied, the court must then weigh multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. *See id.* at 506-07. While there is no definitive list of factors, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the location where the relevant events occurred or the relevant agreements were negotiated; (2) plaintiff's choice of forum; (3) the convenience of the parties and witnesses; (4) the ease of access to the evidence and the availability of compulsory process for the

attendance of unwilling witnesses; (5) the familiarity of each forum with the applicable law; (6) any local interest in the controversy; and (7) the relative court congestion in each forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The court first considers whether this action could have been brought in Southern District of Florida. To make this showing, "a defendant must be subject to personal jurisdiction in the district of the transferee court, and be amenable to service of process there." *Behrmann v. Houk*, 2016 WL 9724967, *4 (C.D. Cal. 2016) (citing *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974)). Here, based on the complaint, it appears that defendant would be subject to personal jurisdiction and that venue would be proper in Florida because that is where the injury occurred. Significantly, defendant does not advance any argument that jurisdiction or venue would be improper in Florida. *See* ECF No. 13 at 14-15 n.4.

The court next considers whether it would be appropriate to transfer the action. Here, the events occurred in Florida, plaintiff asks that this action be transferred in the event that the court finds no personal jurisdiction in California, and at least some of the witnesses and evidence would be in Florida. The factors favor transfer. Therefore, for the convenience of the parties and witnesses and in the interests of justice, this case should be transferred to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1391(b).

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 6, be DENIED.

2. Plaintiff's motion to transfer venue, ECF No. 9, be GRANTED.

3. This action be transferred to the United States District Court for the Southern District of Florida.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 12, 2025                                  _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE